LOTTINGER, Judge. •
These consolidated actions concern the validity of a statutory will which was witnessed by one of the persons named as a specific residuary legatee under the will. From a trial court judgment invalidating the particular legacy but upholding the remainder of the will, the particular legatee and a number of unknown heirs perfected these appeals.
*722 The issues on appeal are whether a statutory will signed by a legatee is valid and whether the legacy itself is valid.
This case was submitted to the trial court on the following stipulated facts:
Hurl Cotner Scott executed a last will and testament in statutory form on April 5, 1977. She left seven specific bequests of property to specific named legatees, and the remainder of her estate to Victor Scott and Willard Scott, “share and share alike.” Victor Scott, the same person who was named the residuary legatee, was one of the witnesses to the will of Hurl Cotner Scott. Ms. Scott died on November 26, 1977, and her succession was opened on the docket of the Nineteenth Judicial District Court. The will was probated in connection with her succession. All the specific named legatees and residuary legatees survived her. On April 25, 1978, a judgment of possession was rendered in Ms. Scott’s succession, placing those named in the will into possession of the estate as specified and directed in the will.
The above paragraph of facts contains all of the facts that were stipulated, but the following facts, supplied by the briefs of the parties, put this case into a more understandable perspective.
Following the conclusion of Hurl Cotner Scott’s succession proceedings and after the judgment of possession was signed and filed on April 24, 1978, one of the specific legatees, John P. Evans, attempted to sell a piece of real estate bequeathed to him under the will of Hurl Cotner Scott. However, the attorney examining title to the real estate found that the title could possibly be defective because one of the specific residuary legatees had also witnessed the will. John P. Evans thereafter filed a suit, No. 14194, as did Victor Scott and Ruby Chenault Scott, No. 14195, seeking to determine the validity of Hurl Cotner Scott’s last will and testament.
In written reasons for judgment, the trial court held that only the specific legacy to the legatee who witnessed the will was invalid, and that the remainder of the will was valid. The legatee and a number of still as yet unknown legal heirs brought these appeals.
La.R.S. 9:2442 provides the formalities for confecting a statutory will. Among other things, the will must be witnessed by two competent witnesses. Subsection E of Section 2442 defines “competent witness” as a person who meets the qualifications of La.C.C. arts. 1591 and 1592, and who is physically able and knows how to sign his name and read the attestation clause of the will. La.C.C. art. 1592 provides that neither heirs nor named legatees can witness a testament.
Appellant-Scott contends that “the trial court erred in finding that the legacy to Victor Scott was invalid, null and void.”
The basis of Scott’s argument is that even though La.R.S. 9:2442 requires a statutory will to be executed in the presence of a notary and two competent witnesses not otherwise disqualified under La.C.C. arts. 1591 and 1592, the purpose of La.C.C. art. 1592 in prohibiting a legatee from being a witness to the testament is to prevent undue influence, pressure, coercion or persuasion. Since no undue influence, pressure, coercion, or persuasion was proved, La.C.C. art. 1592 has not been violated, Scott contends. Thus, the legacy should stand.
Appellant admits in his brief that prior to a 1976 amendment, La.R.S. 9:2442 did not prohibit a named legatee in a statutory will from acting as a witness to the will. Additionally, he admits that the last will and testament was executed after the effective date of the amendment to La.R.S. 9:2442.
Other than the argument that the law favors testacy over intestacy, and that no undue influence, pressure, coercion or persuasion was proved, appellant presents no reason for this court to reverse the trial court decision. We are of the opinion that La.R.S. 9:2442 in conjunction with La.C.C. art. 1592 is clear that the legatee cannot be a witness, regardless of whether the spirit of Article 1592 has been complied with or not.
*723 The defendants-appellants, heirs of Hurl Cotner Scott, known or unknown and absentee, argue that the trial court fell into error in validating the remainder of the will. The basis of their argument is that the defective witness voided the entirety of the last will and testament, citing Succession of Roussel, 373 So.2d 155 (La.1979) and Succession of Bechtel, 99 So.2d 495 (La.App. Orl. Cir. 1958). Both Roussel and Bechtel are factually distinguishable and therefore not controlling. In Roussel an insufficient number of witnesses attested to a noncupa-tive will by private act, thus voiding the will. In Bechtel there was no signature on an olographic will, and an attempt was made to use the signature of the testator found on a slip of paper accompanying the testament in an envelope.
In support of affirming the trial court decision, appellee cites Woodfork v. Sanders, 248 So.2d 419 (La.App. 4th Cir. 1971), writ denied, 259 La. 759, 252 So.2d 455 (1971) wherein Judge Redmann as the organ of the court presents a convincing argument that La.C.C. art. 1595 should not void a will when a legatee is also a witness in violation of La.C.C. art. 1592. Judge Redmann argues that only the particular legacy should be voided in such a case.
Article 1595 is found in Book III, Title II of the Civil Code and not in the Revised Statutes. The only connection between La. R.S. 9:2442 and the Civil Code is the reference to La.C.C. arts. 1591 and 1592 for the definition of competent witnesses. There is no mention of Article 1595 in La.R.S. 9:2442. Thus, we are convinced that La. C.C. art. 1595 has no application to a statutory will. There is no requirement that the entirety of the will be declared null and void when a legatee witnesses a will.
Additionally, we find support for the trial judge’s decision in Succession of Purkert, 184 La. 792, 167 So. 444 (1936) and Succession of Killingsworth, 194 So.2d 331 (La.App. 1st Cir. 1966), writ refused, 250 La. 175, 194 So.2d 738 (1967), reversed on other grounds, 292 So.2d 536 (1974). Although these two cases deal with a bequest to a notary rather than a witness, the rationale is the same. In both, the particular legacy was voided, but not the entire will. We are aware that the policy of this state is to uphold the will of the testator if at all possible, and thus we find no error in the decision of the trial judge.
Therefore, for the above and foregoing reasons, the judgment of the trial court in both suits, Nos. 14194 and 14195 are affirmed at the costs of appellant Victor Scott.
AFFIRMED.